NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXINE FORBES,<br><br>Petitioner,<br><br>v.<br><br>RON EDWARDS,<br><br>Respondent. | Civil Action No. 18-249 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Maxine Forbes, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the requisite filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 cases, applicable to § 2241 petitions through Rule 1(b), to preliminarily review her petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, this Court will dismiss the petition without prejudice as premature.

## I. BACKGROUND

Petitioner, Maxine Forbes, is a citizen of Jamaica. (ECF No. 1 at 2). On June 22, 2017, an immigration judge ordered her removal. (*Id.*). She appealed that removal order, but the Board of Immigration Appeals affirmed her order of removal and dismissed her appeal on December 6, 2017. (*Id.*). Petitioner has apparently filed a petition for review which remains pending at this time before the Third Circuit. (*Id.* at 3). It does not appear that Petitioner has sought or received

a stay of removal at this time. (*Id.*). On or about January 9, 2018, Petitioner filed her current petition seeking to challenge the propriety of her ongoing immigration detention pending her removal from the United States. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and that custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that her continued detention violates due process, this Court has jurisdiction over her claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the Court is required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Petitioner seeks to challenge her ongoing immigration detention pending her removal from the United States. Petitioner is subject to an administratively final order of removal, as the Board of Immigration Appeals affirmed her removal order in June 2017. (ECF No. 1 at 2). Petitioner is thus currently detained pursuant to 8 U.S.C. § 1231(a), and the propriety of her continued detention is controlled by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during a 90-day statutory removal period. 501 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that 90-day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these observations, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231(a) for less than six months following the entry of his final order of removal, his challenge must be dismissed as premature. *Id.*; *see also Rodney v. Mukasey*, 340 F. App'x 761, 764–65 (3d Cir. 2009).

In this matter, Petitioner received a final order of removal when the Board of Immigration Appeals dismissed her appeal on December 6, 2017. Because just over thirty days have passed since the entry of her final order of removal, Petitioner is well within the removal period during which the Government is required to detain her. As such, this Court is required by *Zadvydas* to

presume that her detention is reasonable, and any challenge to that detention at this time is premature. Petitioner's current petition must therefore be dismissed.[1]

## III. CONCLUSION

For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice as premature. An appropriate order follows.

DATED: January 22nd, 2018

JOSE L. LINARES,
Chief Judge, United States District Court

[1] In addition to her challenge to her ongoing immigration detention, Petitioner also contends that her current facility lacks the proper medical facilities to treat her right leg following a recent surgery. (ECF No. 1 at 7). Claims regarding a Petitioner's medical treatment needs, however, "do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition." *See, e.g., Lee v. Williamson*, 297 F. App'x 147, 148 (3d Cir. 2008). Petitioner's medical claims must therefore also be dismissed at this time.